**STATE, Plaintiff-Appellee, v ALTOMARE, ET, Defendants-Appellants.**

Ohio Appeals, Seventh District, Columbiana County.

No. 647.   Decided May 6th, 1946.

Frank W. Springer, Prosecuting Attorney and James L. MacDonald, Asst. Prosecuting Attorney, both of Lisbon, for plaintiff-appellee.

Michael W. Kosach, Youngstown, for defendants-appellants.

**OPINION**

By PHILLIPS, J.

Defendants, together with Sherman Ackerman, were indicted by the grand jury of Columbiana County for burglary and larceny upon an indictment laid under §12438 GC, of which indictment in so far as need be recited the following is a copy:—

"The Jurors of the Grand Jury of said County, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Sherman Ackerman, Eugene Paul Altomare and Joe Quinn on the 6th day of May in the year of our Lord one thousand nine hundred and forty-five, at the

County of Columbiana aforesaid, unlawfully, maliciously and forcibly broke and entered the poolroom building of Loyal C. Phillips & Carvel A. Phillips, partners, d. b. a. The Recreation Billiards in the night season, with intent to commit Larceny therein.

"And they, the said Sherman Ackerman, Eugene Paul Altomare and Joe Quinn, then and there stole Thirty Nine Hundred Dollars ($3900.00) in cash money; and checks and jewelry of unknown value, being the property of the said Loyal C. Phillips & Carvel A. Phillips, partners, d. b. a. The Recreation Billiards and of the value of more than Thirty Nine Hundred Dollars."

Upon this indictment the case went to trial before a jury in the court of common pleas, which found defendants-appellants guilty as charged therein. From the judgment of the court of common pleas entered upon the verdict of the jury defendants-appellants appealed to this court on questions of law and fact. The case was not properly appealable as one on questions of law and fact. A bill of exceptions and assignments of error were filed and it was argued and submitted on questions of law. Accordingly, the words "and fact" are ordered stricken from defendants' notice of appeal sua sponte, and the appeal will be retained and determined as one on questions of law.

By their assignments of error defendants claim that the trial judge erred "in the admission of evidence by the State duly objected to by" defendants; in overruling their motion made "at the close of the State's case to arrest from the consideration of the jury the charge of burglary set out in the indictment"; in his "general charge to the jury"; and in overruling their motion for a new trial; and contend that the verdict is against the manifest weight of the evidence, and that there are "other errors as shown by the record which occurred during the course of the trial of this cause."

The State proved the breaking into and entering of the building named in the indictment by means of a rear window of the basement thereof from which a hasp fastening a grating thereon had been broken off; that the small safe containing the property stated in the indictment was carried from such building, broken open, and the named property stolen therefrom, and the ownership thereof.

Though granted the time fixed by the rules of this court counsel for defendant failed to consume his allotted oral argument time, or to argue any of his assigned grounds of error

orally or by brief, other than the assigned grounds that the verdict of the jury and judgment of the trial judge entered thereon are against the manifest weight of the evidence; and the unassigned ground of error that the trial judge erred in overruling his motion for a directed verdict of acquittal; and that subsequent to the rendition of its verdict several jurors stated that they did not know that among the verdicts submitted to the jury by the trial judge there was one which provided for the return of a verdict against defendants of guilty "of a lesser offense than that charged in the indictment" notwithstanding the record submitted to us discloses that the trial judge charged the jury on its right to return such a verdict, and a form of verdict providing therefor was submitted to the jury.

Though such contention unassigned as a ground of error may be bottomed upon fact, yet the record fails not only to support such contention but to disclose it has any factual basis. We are bound by the record in this case. Therefore, we do not pass upon this contention, or any of defendants' assigned grounds of error or contentions other than that the trial judge erred in overruling defendants' motion for a directed verdict of acquittal, and the verdict of the jury and judgment entered thereon are against the manifest weight of the evidence.

Sherman Ackerman's motion for a separate trial was sustained. Subsequent thereto he pleaded guilty to the offenses charged in the indictment.

The bill of exceptions discloses the following notice was given to counsel for defendants, and the latter's action in respect thereto:—

"MR. SPRINGER—Now comes the Prosecuting Attorney and advises counsel for the Defendant in advance of his opening statement that he intends to call Sherman Ackerman, one of the co-defendants, as a witness for the State and expects the evidence to show that said Sherman Ackerman has entered a plea of Guilty to the indictment as charged, whereupon the Defendant objected and the Court overruled the objection."

During trial in the court of common pleas Ackerman testified for the State and his testimony, which we believe was properly admitted, together with that of other State witnesses

in our opinion establishes by the required degree of proof the commission by defendants of the crime for which they were indicted and tried.

Under the evidence disclosed by the record the judgment of the court of common pleas will not be reversed. on the ground that the trial judge erred in overruling defendants' motion for a directed verdict of acquittal, or that it and the judgment entered thereon are against the manifest weight of the evidence.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.